# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BUYERLEVERAGE EMAIL SOLUTIONS LLC**, a Delaware Limited Liability Company<br><br>**Plaintiff,**<br><br>v.<br><br>**AT&T, INC., CISCO, INC., COMCAST CORPORATION, MICROSOFT CORPORATION, SUREWEST COMMUNICATIONS, INC., TIME WARNER CABLE, INC., YAHOO! INC., and KNOLOGY, INC.**<br><br>**Defendants.** | **Case No.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, BuyerLeverage Email Solutions LLC ("BuyerLeverage"), complains of Defendants, AT&T, Inc. ("AT&T"), Cisco Systems, Inc. ("Cisco"), Comcast Corporation ("Comcast"), Microsoft Corporation ("Microsoft"), Surewest Communications ("Surewest"), Time Warner Cable, Inc. ("Time Warner"), Yahoo! Inc. ("Yahoo!"), and Knology, Inc. ("Knology") as follows:

## NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2. BuyerLeverage is a Delaware limited liability company with its principal place of business at 1000 N. West Street, Suite 1200, Wilmington, DE 19801. BuyerLeverage is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement

1

of United States Patent No. 7,072,943, entitled "System and Method for Granting Deposit-Contingent E-Mailing Rights" issued July 4, 2006 ("the '943 patent") (a true and correct copy of the Patent is attached as Exhibit A); United States Patent No. 7,379,972, entitled "System and Method for Granting Deposit-Contingent E-Mailing Rights" issued May 27, 2008 ("the '972 patent") (a true and correct copy of the Patent is attached as Exhibit B); United States Patent No. 7,636,756, entitled "System and Method for Granting Deposit-Contingent E-Mailing Rights" issued December 22, 2009 ("the '756 patent") (a true and correct copy of the Patent is attached as Exhibit C); United States Patent No. 7,725,546, entitled "System and Method for Granting Deposit-Contingent E-Mailing Rights" issued May 25, 2010 ("the '546 patent") (a true and correct copy of the Patent is attached as Exhibit D); and United States Patent No. 7,962,561, entitled "System and Method for Granting Deposit-Contingent E-Mailing Rights" issued June 14, 2011 ("the '561 patent") (a true and correct copy of the Patent is attached as Exhibit E). Hereon forward said patents shall collectively be referred to as "the asserted patents."

3. Defendant AT&T is a Delaware corporation with a place of business at 208 S. Akard St. Dallas, TX 75202. AT&T resides in this judicial district, and transacts business in this judicial district and throughout the State of Delaware.

4. Defendant Cisco is a Delaware corporation with a place of business at 170 W. Tasman Dr., San Jose, CA 95134. Cisco resides in this judicial district, and transacts business in this judicial district and throughout the State of Delaware.

5. Defendant Comcast is a Pennsylvania corporation with a place of business at 170 JFK Blvd., Philadelphia, PA 19103. Comcast resides in this judicial district, and transacts business in this judicial district and throughout the State of Delaware.

6. Defendant Microsoft is a Washington corporation with a place of business at One Microsoft Way, Redmond, Washington 98052. Microsoft resides in this judicial district, and transacts business in this judicial district and throughout the State of Delaware.

7. Defendant Surewest is a Delaware corporation with a place of business at 8150 Industrial Ave., Roseville, CA 95678. Surewest resides in this judicial district.

8. Defendant Time Warner is a Delaware corporation with a place of business One Time Warner Center, New York, NY 10019. Time Warner resides in this judicial district, and transacts business in this judicial district and throughout the State of Delaware.

9. Defendant Yahoo! is a Delaware corporation with a place of business at 701 1st Avenue, Sunnyvale, CA 94089. Yahoo! resides in this judicial district, and transacts business in this judicial district and throughout the State of Delaware.

10. Defendant Knology is a Delaware corporation with a place of business at 1241 O.G. Skinner Drive, West Point, GA 31833. Knology resides in this judicial district.

**JURISDICTION AND VENUE**

11. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

12. Personal Jurisdiction over defendants is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

**DEFENDANTS' ACTS OF PATENT INFRINGEMENT**

13. By use of the Return Path Email Certification Program (or data emanating from that program) AT&T filters the emails of those senders it cannot yet otherwise reliably evaluate (so-called "Unknown Senders") by giving preferential access to emails that are, effectively, subject to an economic performance guarantee that would make the sending of spam cost-

prohibitive. This is what allows AT&T to provide senders of legitimate email with the opportunity to prove their trustworthiness, without, at the same time, opening the door to spammers.

14. AT&T has, without limitation, infringed under 35 U.S.C. § 271, at least, claims 1 and 25 of the '943 patent, claims 1 and 12 of the '546 patent, claims 1 and 16 of the '972 patent, claims 1 and 27 of the '756 patent, and claims 1 and 14 of the '561 patent through its use of preferred sender addresses emanating from, or based on, the Email Certification Program (formerly "Bonded Sender") administered by Return Path, Inc. for filtering unwanted e-mails (i.e. "spam").

15. By use of the Return Path Email Certification Program (or data emanating from that program) Cisco filters and/or provides for the filtering of the emails of those senders it cannot yet otherwise reliably evaluate (so-called "Unknown Senders") by giving preferential access to emails that are, effectively, subject to an economic performance guarantee that would make the sending of spam cost-prohibitive. This is what allows Cisco to provide senders of legitimate email with the opportunity to prove their trustworthiness, without, at the same time, opening the door to spammers.

16. Cisco has, without limitation, infringed under 35 U.S.C. § 271, at least, claims 1 and 25 of the '943 patent, claims 1 and 12 of the '546 patent, claims 1 and 16 of the '972 patent, claims 1 and 27 of the '756 patent, and claims 1 and 14 of the '561 patent through its use of preferred sender addresses emanating from, or based on, the Email Certification Program (formerly "Bonded Sender") administered by Return Path, Inc. for filtering unwanted e-mails (i.e. "spam").

17. By use of the Return Path Email Certification Program (or data emanating from that program) Comcast filters the emails of those senders it cannot yet otherwise reliably evaluate (so-called "Unknown Senders") by giving preferential access to emails that are, effectively, subject to an economic performance guarantee that would make the sending of spam cost-prohibitive. This is what allows Comcast to provide senders of legitimate email with the opportunity to prove their trustworthiness, without, at the same time, opening the door to spammers.

18. Comcast has, without limitation, infringed under 35 U.S.C. § 271, at least, claims 1 and 25 of the '943 patent, claims 1 and 12 of the '546 patent, claims 1 and 16 of the '972 patent, claims 1 and 27 of the '756 patent, and claims 1 and 14 of the '561 patent through its use of preferred sender addresses emanating from, or based on, the Email Certification Program (formerly "Bonded Sender") administered by Return Path, Inc. for filtering unwanted e-mails (i.e. "spam").

19. By use of the Return Path Email Certification Program (or data emanating from that program) Microsoft filters and/or provides for the filtering of the emails of those senders it cannot yet otherwise reliably evaluate (so-called "Unknown Senders") by giving preferential access to emails that are, effectively, subject to an economic performance guarantee that would make the sending of spam cost-prohibitive. This is what allows Microsoft to provide senders of legitimate email with the opportunity to prove their trustworthiness, without, at the same time, opening the door to spammers.

20. Microsoft has, without limitation, infringed under 35 U.S.C. § 271, at least, claims 1 and 25 of the '943 patent, claims 1 and 12 of the '546 patent, claims 1 and 16 of the '972 patent, claims 1 and 27 of the '756 patent, and claims 1 and 14 of the '561 patent through

its use of preferred sender addresses emanating from, or based on, the Email Certification Program (formerly "Bonded Sender") administered by Return Path, Inc. for filtering unwanted e-mails (i.e. "spam").

21. By use of the Return Path Email Certification Program (or data emanating from that program) Surewest filters the emails of those senders it cannot yet otherwise reliably evaluate (so-called "Unknown Senders") by giving preferential access to emails that are, effectively, subject to an economic performance guarantee that would make the sending of spam cost-prohibitive. This is what allows Surewest to provide senders of legitimate email with the opportunity to prove their trustworthiness, without, at the same time, opening the door to spammers.

22. Surewest has, without limitation, infringed under 35 U.S.C. § 271, at least, claims 1 and 25 of the '943 patent, claims 1 and 12 of the '546 patent, claims 1 and 16 of the '972 patent, claims 1 and 27 of the '756 patent, and claims 1 and 14 of the '561 patent through its use of preferred sender addresses emanating from, or based on, the Email Certification Program (formerly "Bonded Sender") administered by Return Path, Inc. for filtering unwanted e-mails (i.e. "spam").

23. By use of the Return Path Email Certification Program (or data emanating from that program) Time Warner filters the emails of those senders it cannot yet otherwise reliably evaluate (so-called "Unknown Senders") by giving preferential access to emails that are, effectively, subject to an economic performance guarantee that would make the sending of spam cost-prohibitive. This is what allows Time Warrner to provide senders of legitimate email with the opportunity to prove their trustworthiness, without, at the same time, opening the door to spammers.

24. Time Warner has, without limitation, infringed under 35 U.S.C. § 271, at least, claims 1 and 25 of the '943 patent, claims 1 and 12 of the '546 patent, claims 1 and 16 of the '972 patent, claims 1 and 27 of the '756 patent, and claims 1 and 14 of the '561 patent through its use of preferred sender addresses emanating from, or based on, the Email Certification Program (formerly "Bonded Sender") administered by Return Path, Inc. for filtering unwanted e-mails (i.e. "spam").

25. By use of the Return Path Email Certification Program (or data emanating from that program) Yahoo! filters the emails of those senders it cannot yet otherwise reliably evaluate (so-called "Unknown Senders") by giving preferential access to emails that are, effectively, subject to an economic performance guarantee that would make the sending of spam cost-prohibitive. This is what allows Yahoo! to provide senders of legitimate email with the opportunity to prove their trustworthiness, without, at the same time, opening the door to spammers.

26. Yahoo! has, without limitation, infringed under 35 U.S.C. § 271, at least, claims 1 and 25 of the '943 patent, claims 1 and 12 of the '546 patent, claims 1 and 16 of the '972 patent, claims 1 and 27 of the '756 patent, and claims 1 and 14 of the '561 patent through its use of preferred sender addresses emanating from, or based on, the Email Certification Program (formerly "Bonded Sender") administered by Return Path, Inc. for filtering unwanted e-mails (i.e. "spam").

27. By use of the Return Path Email Certification Program (or data emanating from that program) Knology filters the emails of those senders it cannot yet otherwise reliably evaluate (so-called "Unknown Senders") by giving preferential access to emails that are, effectively, subject to an economic performance guarantee that would make the sending of spam

cost-prohibitive. This is what allows Knology to provide senders of legitimate email with the opportunity to prove their trustworthiness, without, at the same time, opening the door to spammers.

28. Knology has, without limitation, infringed under 35 U.S.C. § 271, at least, claims 1 and 25 of the '943 patent, claims 1 and 12 of the '546 patent, claims 1 and 16 of the '972 patent, claims 1 and 27 of the '756 patent, and claims 1 and 14 of the '561 patent through its use of preferred sender addresses emanating from, or based on, the Email Certification Program (formerly "Bonded Sender") administered by Return Path, Inc. for filtering unwanted e-mails (i.e. "spam").

29. Defendants' infringement has injured and will continue to injure BuyerLeverage, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of the methods and systems that fall within the scope of the asserted claims of the alleged patents.

## NOTICE, KNOWLEDGE, AND WILLFULNESS

30. For each Defendant, at least the filing of this lawsuit shall constitute actual notice of its infringement of the alleged patents.

31. In addition, Cisco's infringement has occurred with knowledge of at least the '943 patent, willfully and deliberately in violation of 35 U.S.C. § 284. Cisco was informed of the then-pending '943 patent in 2004, and given actual notice of the '943 patent as early as June of 2007, when the inventor, Mark Landesmann, communicated to Cisco the existence of the '943 patent, the existence of its pending related patent applications, and the applicability of the '943 patent to the type of spam filtering in which Cisco has engaged and currently engages. With knowledge of '943 patent and the technology to which it applies, Cisco's current infringement of

that patent has been objectively reckless, with complete disregard to BuyerLeverage's rights in the '943 patent.

32. In addition, Microsoft's infringement has occurred with knowledge of at least the '943 patent, willfully and deliberately in violation of 35 U.S.C. § 284. Microsoft was informed of the then-pending '943 patent in 2005, and given actual notice of the '943 patent as early as June of 2007, when the inventor, Mark Landesmann, communicated to Microsoft the existence of the '943 patent, the existence of its pending related patent applications, and the applicability of the '943 patent to the type of spam filtering in which Microsoft has engaged and currently engages. With knowledge of '943 patent and the technology to which it applies, Microsoft's current infringement of that patent has been objectively reckless, with complete disregard to BuyerLeverage's rights in the '943 patent.

**PRAYER FOR RELIEF**

WHEREFORE, BuyerLeverage asks this Court to enter judgment against Defendants, and against Defendants' subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate BuyerLeverage for the infringement that has occurred, together with prejudgment interest from the date infringement of the alleged patents began;

B. A finding that this case is exceptional and an award to BuyerLeverage of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

C. A permanent injunction prohibiting further infringement of the alleged patents; and,

D. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiff BuyerLeverage demands a trial by jury on all issues presented in this Complaint.

| | |
|---|---|
| *Of Counsel:* | /s/ George Pazuniak |
| | George Pazuniak (DE Bar No. 00478) |
| Timothy J. Haller (pro hac vice) | Pazuniak Law Office |
| Frederick C. Laney (pro hac vice) | 1201 Orange Street, |
| Daniel R. Ferri (pro hac vice) | 7th floor, Suite 7114 |
| Laura A. Kenneally (Pro Hac Vice) | Wilmington, DE 19801-1186 |
| NIRO, HALLER, & NIRO | (O) 302-478-4230 |
| 181 West Madison Street, Suite 4600 | GP@del-iplaw.com |
| Chicago, Illinois 60602 | |
| Telephone: (312) 236-0733 | |
| Facsimile: (312) 236-3137 | |
| haller@nshn.com | |
| laney@nshn.com | *Attorneys for Plaintiff,* |
| dferri@nshn.com | *BuyerLeverage Email Solutions LLC* |

Dated: July 21, 2011